## Case No. 1,220a.

BEECHER et al. v. BECHTEL et al.

[19 Betts, D. C. Ms. 63.]

District Court, S. D. New York.[1]

SHIPPING—CHARTER PARTY—BREACH—BURDEN OF PROOF—TIMBERS TOO LARGE FOR PORT-HOLES.

[1. Libellants suing for breach of a charter party are bound to show that there was no default on their part.]

[2. A vessel chartered to take a cargo of lumber is not justified in refusing certain pieces of timber merely because they are too large for her port-holes; the charter party being silent as to the size of the timbers to be laden, and the sticks in question being merchantable, and of a size customarily laden at that port.]

[Reversed in Beecher v. Bechtel, Case No. 1,221.]

[In admiralty. Libel by William K. Beecher and others against George J. Bechtel and John H. Dreyer, Jr., for breach of a charter party. Libel dismissed. This was reversed by the circuit court in Case No. 1,221.]

Before BETTS, District Judge.

[Libellants were owners of the brig Buenovento, which was chartered by respondents at New York, October 2, 1849, to carry a cargo of lumber from Charleston, S. C., to Barcelona, in Spain. The owners engaged that the whole of the vessel, except the part necessary for the accommodation of the officers and crew, and the stowage of cables and provisions, should be at the disposal of the charterers, who, on their part, agreed to furnish a full cargo of lumber for the voyage. After a part of the cargo had been received on board, the shippers' agent delivered for lading two timbers too large and long to be received through the vessel's port, which was 24 inches square. The agent insisted that the port hole should be enlarged. The master, after waiting a considerable time for timber suitable to the vessel's size and capacity, sailed in ballast for another port.]

It is considered BY THE COURT:—

(1) That the libellants are bound to prove a fulfillment of the charter party entered into by them. They engaged the ship to perform the voyage, and must show there was no default on her part.

(2) The contract is to carry a cargo of lumber and timber in the vessel named, from Charleston, S. C., to Barcelona, Spain, for the defendant.

(3) The defendants having tendered a cargo of lumber and timber at Charleston to the vessel, she declined receiving it on board, because some of the timber was of a size too large for her port-holes. The defendants must be held to have complied with their contract, unless guilty of some fraud or deception in relation to the size of the timber.

(4) It is incumbent on the owner of the vessel to limit in the charter party her obligation to take particular descriptions or sizes of timber, if he did not intend to leave it to the discretion of the defendants to load such as they desired to send, and such as should be merchantable.

(5) Upon the proofs the cargo offered was merchantable, and of a customary kind at Charleston, as to size, &c., and the shipper on an open charter party had a right to require the ship owner to have his vessel fitted to receive and transport it.

(6) The preponderance of evidence is that the vessel might have been fitted to take in the lumber offered with but small expense; but if that point be doubtful, the risk is upon her owner, and he cannot maintain an action as for the performance of his contract, or merely sending his vessel to Charleston, and offering to receive such lumber and timber as her fitment and arrangements then enabled her to load on board.

(7) The contract is not to be considered as if made by the defendant with reference to the then state of the vessel, and her capacity at the time to pass through her timber ports the description of timber which might be offered, but must be understood to relate to the vessel at Charleston when the cargo should be brought to her; and the plain obligation of the libellants is, to have her ready to ship the lumber and timber offered by the defendants.

In my opinion the breach of the contract is on the part of the libellants and not on the part of the defendants, and the libel must accordingly be dismissed with costs.

---

[1] [Reversed by circuit court in Case No. 1,221.]